```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
SERAIDA MORALES                   :        CIVIL ACTION
                                  :
         v.                       :
                                  :
RELIANCE STANDARD INSURANCE       :
COMPANY AS ADMINISTRATOR OF THE   :
HORST GROUP EMPLOYEE WELFARE      :
BENEFIT PLAN, et al.              :        NO. 06-145
```

MEMORANDUM

Bartle, C.J.                                     September 19, 2006

      Plaintiff Seraida Morales ("Morales") brings this action against Reliance Standard Insurance Company ("Reliance") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA").  Morales contends that Reliance has unreasonably interpreted the term "Covered Monthly Income" in the Horst Group's Employee Welfare Benefit Plan ("Plan") and therefore has allegedly miscalculated her long-term disability payments.  She seeks an order interpreting the relevant provision of the Plan, payment of benefits due and interest.  Both Morales and Reliance have filed motions for summary judgment.

I.

      Rule 56(c) of the Federal Rules of Civil Procedure permits us to grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to summary judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson, at 254.  We review all evidence and make all reasonable inferences from the evidence in the light most favorable to the non-movant.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). The non-moving party may not rest upon mere allegations or denials of the moving party's pleadings but must set forth specific facts showing there is a genuine issue for trial.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.

On November 12, 2001, Morales began her employment with the Horst Group to assist in managing residential holdings.  The Horst Group is a company that specializes in property management, construction and insurance.  In June, 2002, Morales was absent from work for six weeks as she recovered from surgery.  She returned to work in July but continued to experience pain unrelated to the surgery. Morales claims that by December, 2002, she suffered cognitive problems, headaches on the right side of her head, pain that radiated down her arms, fatigue, chest and back pain, in addition to a variety of additional ailments.  A doctor diagnosed Morales with fibromyalgia.[1]  She claimed she was

---

1. On its website, the National Fibromyalgia Association
(continued...)

unable to work on a full time basis as of March 21, 2003 and submitted an application seeking long-term disability benefits.

On March 1, 2004, citing the pre-existing condition exclusion in the Plan, Reliance denied Morales' application because she had been treated for the symptoms on which she based her disability claim during the pre-existing condition period. Morales appealed the denial of benefits, and Reliance again concluded that no benefits were payable under the Plan.  On August 5, 2004, Morales informed Reliance of a recent decision handed down by the United States Court of Appeals for the Third Circuit.  See McLeod v. Hartford Life & Accident Ins. Co., 372 F.3d 618 (3d. Cir. 2004).  Based on that decision, Reliance agreed to review Morales claim and informed her that it would wait for plaintiff to send additional information before it issued its decision.  After numerous delays and requests for deadline extensions, Morales finally submitted all required information, and on January 18, 2005 Reliance informed her that there still remained a question as to whether she was disabled. Morales was given an additional thirty days to submit supplemental information regarding her treatment.  Following

---

1(...continued)
describes the condition, often confused with systemic lupus erythematosus, commonly called lupus, as "a chronic pain illness characterized by widespread musculoskeletal aches, pain, and stiffness, soft tissue tenderness, general fatigue, and sleep disturbances.  The most common sites of pain include the neck, back, shoulders, pelvic girdle, and hands, but any body part can be affected.  Fibromyalgia patients experience a range of symptoms of varying intensities that wax and wane over time."

review of the new information provided by the plaintiff, Reliance concluded on March 3, 2005 that she was entitled to benefits.

Once she began receiving benefits, Morales claimed that Reliance had miscalculated her monthly benefit amount under the Plan.  When efforts to resolve her objections failed, Morales filed this action.  She seeks a recalculation, payment of past benefits due, and interest and covered fees.

### III.

Morales bears the burden of showing that she is entitled to benefits under the Plan and that the administrator abused its discretion interpreting the Plan.  See Kotrosits v. GATX Corp. Non-Contributory Pension Plan for Salaried Employees, 970 F.2d 1165, 1173 (3d Cir. 1992); Critchlow v. First UNUM Life Ins. Co. of America, 378 F.3d 246, 257 (2d Cir. 2004); Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1040 (11th Cir. 1998).  The administrator or fiduciary bears the burden to show that an exclusion applies to deny benefits.  See McCartha v. National City Corp., 419 F.3d 437, 443 (6th Cir. 2005); Critchlow, 378 F.3d at 257.

Under the Plan, the monthly long term disability benefit is an amount equal to 60% of an employee's "Covered Monthly Earnings."  The Plan states:

> "Covered Monthly Earnings" means 1/12 of the amount of wages the Policyholder paid to you as reported on your W-2 form for the year just before the date Total Disability began. W-2 earnings includes base pay, commissions and bonus received from the Policyholder, but

>excludes group term life imputed income;
>allowances, such as, but not limited to,
>disturbance allowances, relocation
>allowances, leased car and car allowances;
>and other special forms of compensation. If
>the W-2 is for less than a full calendar
>year, W-2 earnings, as defined above, will be
>annualized and divided by 12.
>
>However, if you were not employed by the
>Policyholder in the calendar year just before
>the date Total Disability began, "Covered
>Monthly Earnings" means your basic monthly
>salary received from the Policyholder on the
>day just before the date Total Disability
>began.

Because Morales claimed that she became totally disabled on March 21, 2003, Reliance looked to her W-2 for 2002 to determine her covered monthly earnings. The W-2 states that Morales was paid $75,565.61 for that year. Reliance divided that number by twelve and took 60% of the quotient to arrive at a tentative monthly benefit of $3,778.28. In accordance with the Plan, it then reduced that figure by $1,755, the amount already awarded by Social Security and $877, the estimated Dependant Social Security benefits. Morales maintains that she was not paid when she missed several weeks of work due to illness, and therefore her W-2 for 2002 is for less than a calendar year. She asserts that the W-2 understates her income by nearly $10,000.

At the outset we must decide the appropriate standard of review to be applied to Reliance's calculation. Morales contends we must review the decision de novo because she argues Reliance was not interpreting the Plan when it made the above

decisions.  Reliance counters that it was interpreting the Plan and thus the arbitrary and capricious standard is appropriate.  Where an ERISA Plan provides its administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," which the parties concede is the situation in this case, a court may not overturn the administrator's interpretation unless it is arbitrary and capricious.  Firestone Tire & Rubber Co. v. Brunch, 489 U.S. 101, 115 (1989); Gritzer v. CBS, Inc., 275 F.3d 291, 295 (3d Cir. 2002).  "Under the arbitrary and capricious ... standard of review, the District Court may overturn a decision of the plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law."  Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993) (citation omitted).[2]

       Our Court of Appeals has stated that when an insurance company both funds and administers benefits, it generally operates under a conflict of interest and therefore a heightened form of arbitrary and capricious review is required.  Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 388-393 (3d Cir. 2000).  The Court of Appeals has explained that the arbitrary and capricious standard of review is to be applied on the basis of a

---

2.  If a Plan does not provide such authority, review is de novo.  Firestone, 489 U.S. at 115; Gritzer, 275 F.3d at 295.

"sliding scale" which intensifies the level of scrutiny to match the conflict at issue.  Id.  In essence, under the sliding scale announced in Pinto, "a court should look at any and all factors that might show a bias and use common sense to put anywhere from a pinky to a thumb on the scale in favor of administrator's analysis and decision."  Gritzer, 275 F.3d at 295 n.3.

After reviewing the record in this matter, we are convinced that a slightly heightened form of arbitrary and capricious review is appropriate.  When Reliance calculated the long term disability monthly benefit it was interpreting relevant portions of the plan.  We reject plaintiff's contrary assertion. Because Reliance both insures and administers the Plan, the conflict of interest noticed by our Court of Appeals requires that we exercise some degree of more exacting scrutiny.  Despite plaintiffs arguments for de novo review, however, there is no indication that the inappropriate behavior before the Court of Appeals in Pinto is present in this matter.  In addition, the plaintiff has not pointed to evidence in the record that demonstrates Reliance's actions violated ERISA or the language of the Plan.  In short, the record does not require us to apply an exceedingly heightened iteration of the familiar arbitrary and capricious standard.  Reliance made its initial decision under its interpretation of the law in this circuit at the time.  When the Court of Appeals clarified the law in McLeod, Reliance

adjusted its determination of Morales' claim in light of that decision.

We find that Reliance did not abuse its discretion in calculating the monthly long term disability benefit due Morales under the Plan.  The administrator's interpretation and application of the "Covered Monthly Earnings" was reasonable and conforms to the ordinary understanding of the language used in the Plan.  As set forth above, "Covered Monthly Earnings" describes 1/12 of the wages paid to the employee as reported on your W-2 form for the year just before the date Total Disability began.  The parties do not dispute Morales became disabled on March 21, 2003 and so the relevant W-2 covers 2002.  That document records that Morales was paid $75,565.61 that year.  Plaintiff's arguments that Reliance miscalculated her benefit is predicated on her own unsupported assertions and statements of her counsel that she made nearly $10,000 more in 2002.  We find no basis for such claims in the record.  There is simply no evidence before us that the W-2 does not cover a full year of income, that it understates her true income by $10,000, or that Morales was not paid during her 2002 absence from work due to her illness.  Plaintiff, of course, bears the burden of proof.

Reliance's interpretation of the Plan and calculation of benefits is not arbitrary and capricious.  Rather, it is reasonable in light of the record before the court.  Aside from

the fact that Reliance is both administrator and insurer of the Plan, the record does not contain factors that suggest our standard of review should be adjusted too far up the sliding scale toward de novo review.  Nevertheless, even accepting the plaintiff's argument and applying a de novo standard of review, we reach the same conclusion.

Morales also seeks interest at 6% per year on the benefits allegedly due from March 1, 2004, when her claim was first denied, through June 1, 2005, the date it was approved. Morales relies on Skretvedt v. E.I. DuPont de Nemours & Co., 372 F.3d 193 (3d Cir. 2004).  We need not decide whether Skretvedt or the more recent decision of the Supreme Court in Sereboff v. Mid Atlantic Med. Services, Inc., ___ U.S. ___, 126 S. Ct. 1869 (2006) permits a plaintiff to recover interest as an equitable remedy under ERISA.  Even assuming ERISA allows for the recovery of interest, plaintiff has not shown that she is entitled to receive any.  She has not demonstrated that Reliance acted in bad faith or with unreasonable delay in processing her application so as to entitle her to interest.  Indeed, the record reveals that a significant portion of the delays are attributable to Morales failing promptly to submit information requested and repeatedly seeking (and being granted) extensions.  Therefore, we deny her request for interest.

Reliance's interpretation of the Horst Plan and its calculation of Morales' benefits thereunder are reasonable. Furthermore, the plaintiff cannot meet her burden to show that she is entitled to interest, even assuming ERISA provides such a remedy. Accordingly, we will deny Morales' motion for summary judgment and grant Reliance's motion for summary judgment.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SERAIDA MORALES                    :      CIVIL ACTION
                                   :
         v.                        :
                                   :
RELIANCE STANDARDS INSURANCE       :
COMPANY AS ADMINISTRATOR OF THE    :
HORST GROUP EMPLOYEE WELFARE       :
BENEFIT PLAN, et al.               :      NO. 06-145
```

ORDER

AND NOW, this 19th day of September, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

    (1)  the motion of plaintiff Seraida Morales for summary judgment is DENIED;

    (2)  the motion of defendant Reliance Standard Insurance Company for summary judgment is GRANTED; and

    (3)  judgment is entered in favor of defendant Reliance Standard Insurance Company and against plaintiff Seraida Morales.

                                                BY THE COURT:

                                                /s/ Harvey Bartle III
                                                                            C.J.